SC

**WO**

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| United States of America, ) | No. CR 08-0425-PCT-DGC |
| Plaintiff, ) | No. CV 08-8119-PCT-DGC (DKD) |
| v. ) | **ORDER** |
| Raul Gonzalez-Ibarra, ) | |
| Defendant/Movant. ) | |

Movant Raul Gonzalez-Ibarra, who is confined in the Central Arizona Detention Center in Florence, Arizona, filed a *pro se* "Motion for Time Reduction by an Inmate in Federal Custody (28 U.S.C. § 2255), which was dismissed with leave to file a motion to vacate. (Doc.# 1, 5.)[1] Movant filed a "Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody" and a few days later filed another "Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody" (Second Amended Motion). (Doc.# 6, 7.) The Second Amended Motion supercedes the first. The Court will summarily dismiss the Second Amended Motion.

**I.   Procedural History**

Pursuant to a plea agreement, Movant pleaded guilty to illegal re-entry after deportation, in violation of 8 U.S.C.§ 1326(a). The plea agreement provided for a sentencing

---

[1] "Doc.#" refers to the docket number of filings in the civil case. "Crim. Doc.#" refers to the docket number of filings in the criminal case.

range of between 10 and 125 months. (Crim. Doc.# 21 at 2-4.) Under the terms of the agreement, Movant acknowledged that the Court was free to exercise its discretion to impose any reasonable sentence up to the maximum set by statute for the crimes of conviction. (<u>Id.</u> at 2.) On September 15, 2008, the Court sentenced Movant to a 37-month term of imprisonment followed by three years on supervised release. (Doc.# 20.)

Movant sets forth three grounds for relief. First, he alleges that his attorney mislead him about the length of his sentence if he pleaded guilty. Second, he alleges that his attorney assured him that charges from 1990 would not affect his case but that his criminal history score was increased by 3 points based upon that conviction. Third, Movant asserts that paperwork and letters to be presented in support of lower sentence were "mishandle[d]" upon his arrival at "the institution." (Doc.# 7 at 7.) Liberally construed, Movant appears to allege that he was denied the effective assistance of counsel in violation of his Fifth Amendment rights in the first two grounds, while the third ground fails to allege a constitutional violation.

## II.     **Summary Dismissal**

A district court must summarily dismiss a § 2255 application "[i]f it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief." Rule 4(b), Rules Governing Section 2255 Proceedings for the United States District Courts. When this standard is satisfied, neither a hearing nor a response from the government is required. See <u>Marrow v. United States</u>, 772 F.2d 525, 526 (9th Cir. 1985); <u>Baumann v. United States</u>, 692 F.2d 565, 571 (9th Cir. 1982). In this case, the record shows that summary dismissal under Rule 4(b) is warranted because Movant has waived the right to bring a § 2255 motion.

## III.    **Movant is Not Entitled to Relief**

To obtain relief pursuant to § 2255, a movant must establish that his federal constitutional or statutory rights were violated. Movant's assertion in his § 2255 motion that he received ineffective assistance as to his possible sentence is belied by the record. Movant executed the plea agreement with the advice of his attorney and, under the terms of the plea agreement, Movant expressly waived the right to file a § 2255.

- 2 -

The Ninth Circuit Court of Appeals has found that there are "strict standards for waiver of constitutional rights." United States v. Gonzalez-Flores, 418 F.3d 1093, 1102 (9th Cir. 2005). It is impermissible to presume waiver from a silent record, and the Court must indulge every reasonable presumption against waiver of fundamental constitutional rights. United States v. Hamilton, 391 F.3d 1066, 1071 (9th Cir. 2004). In this action, Movant's waiver was clear, express, and unequivocal.

Plea agreements are contractual in nature, and their plain language will generally be enforced if the agreement is clear and unambiguous on its face. United States v. Jeronimo, 398 F.3d 1149, 1153 (9th Cir. 2005). A defendant may waive the statutory right to bring a § 2255 action challenging his conviction or sentence. United States v. Pruitt, 32 F.3d 431, 433 (9th Cir. 1994); United States v. Abarca, 985 F.2d 1012, 1014 (9th Cir. 1992). The only claims that cannot be waived are claims that the waiver itself was involuntary or that ineffective assistance of counsel rendered the waiver involuntary. See Washington v. Lampert, 422 F.3d 864, 871 (9th Cir. 2005) (holding that a plea agreement that waives the right to file a federal habeas petition pursuant to § 2254 is unenforceable with respect to an ineffective assistance of counsel claim that challenges the voluntariness of the waiver); Pruitt, 32 F.3d at 433 (expressing doubt that a plea agreement could waive a claim that counsel erroneously induced a defendant to plead guilty or accept a particular plea bargain); Abarca, 985 F.2d at 1014 (expressly declining to hold that a waiver forecloses a claim of ineffective assistance or involuntariness of the waiver); see also Jeronimo, 398 F.3d at 1156 n.4 (declining to decide whether waiver of all statutory rights included claims implicating the voluntariness of the waiver).

As part of his plea agreement, Movant made the following waiver:

> Defendant waives any and all motions, defenses, probable cause determinations, and objections which defendant could assert to the information or indictment, or to the court's entry of judgment against defendant and imposition of sentence upon defendant, provided that the sentence is consistent with this agreement. Defendant further waives: (1) any right to appeal the court's entry of judgment against defendant; (2) any right to appeal the imposition of sentence upon defendant under Title 18, United States Code, Section 3742 (sentence appeals); and (3) any right to collaterally attack defendant's conviction and sentence under Title 28, United States Code, Section 2255, or any other collateral attack. Defendant acknowledges that this

- 3 -

>     waiver shall result in the dismissal of any appeal or collateral attack defendant might file challenging his conviction or sentence in this case.

(Crim. Doc.# 21 at 5.) Movant expressly agreed in the plea agreement that he had discussed the terms of the agreement with his attorney, agreed to the terms and conditions, and entered into the plea voluntarily. (Id. at 6-7.) He expressly agreed that his attorney had represented him in a competent manner. (Id.) Both Movant and his attorney signed the acceptance and approval of the agreement stating they had discussed the terms of the plea agreement and that Movant's decision to enter into the agreement was voluntary. (Id.) Movant's counsel also certified that he had caused the plea agreement to be translated into Spanish from English for Movant. (Id. at 8.) In addition, Movant expressly agreed that for sentencing purposes, he had been convicted of felony possession of marijuana for sale on September 4, 1990, for which he was sentenced to three years on probation and served 66 days in jail. (Id. at 8.)

      Prior to acceptance of the plea agreement by the Court, Movant expressly consented to allocution pursuant to Rule 11, Fed.R.Crim.P., before a magistrate judge. (Crim. Doc.# 12, 13, 14.) On June 17, 2008, Magistrate Judge David K. Duncan conducted Movant's allocution and issued "Findings and Recommendation of the Magistrate Judge Upon a Plea of Guilty and Order." (Crim. Doc.# 14.) He found that Movant understood: (1) the nature of the charge to which the plea was offered; (2) his rights to a jury trial, to persist in a plea of not guilty, to the assistance of counsel at trial, to confront and cross-examine adverse witnesses, and against compelled self-incrimination; and (3) the maximum possible sentence, applicability of the sentencing guidelines and the possibility of a departure therefrom under some circumstances. (Id. at 1-2.) He further found that Movant was competent to plead guilty, that his guilty plea was knowingly and voluntarily made and not the result of force, threats or promises apart from those contained in the plea agreement, as well as a factual basis for the plea, and recommended that the Court accept the guilty plea. (Id. at 2.) He specifically found that defendant understood that by pleading guilty he waived the right to a trial, the right to a direct appeal, and the right to a collateral attack. (Id.) He directed that any objections to the Findings and Recommendation be submitted in writing within 10 days.

1   (Id.) No such objections were submitted and the Court thereafter accepted Movant's guilty
2   plea and sentenced him. (Crim. Doc.# 16.)

3   Movant was sentenced in accordance with the terms of his plea agreement, which he
4   expressly accepted and approved with the assistance of counsel. Movant was found to be
5   competent and to have voluntarily and knowingly entered into the agreement and he did not
6   object to the Magistrate Judge's finding to that effect. Movant does not challenge his waiver
7   as involuntary or not knowingly made, nor does he allege that the ineffective assistance of
8   counsel rendered it so. Movant validly waived the right to direct or collateral review and he
9   does not dispute that he knowingly and voluntarily entered into the plea agreement and
10  waived the right to direct or collateral review. He was sentenced in accordance with the
11  terms of the plea agreement. Accordingly, Movant fails to state a claim.

12  **IT IS ORDERED** that the Motion to Vacate, Set Aside, or Correct Sentence Pursuant
13  to 28 U.S.C. § 2255 (Crim. Doc.# 22 in CR 08-0425-PCT-DGC) is **denied** and that the civil
14  action opened in connection with this Motion (CV08-8119-PCT-DGC (DKD), Doc.# 7) is
15  **dismissed with prejudice**. The Clerk of Court must enter judgment accordingly.

16  DATED this 2nd day of December, 2008.

_David G. Campbell_
David G. Campbell
United States District Judge